IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESTWIN ELEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-19-D |
| | ) | |
| CVMR CORPORATION, KAMRAN KHOZAN, MICHAEL HARGETT, JOHN FINLEY, and SYDNEY LU, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| CVMR CORPORATION and KAMRAN KHOZAN, | ) | |
| | ) | |
| Counterclaimants, and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTWIN ELEMENTS, INC. | ) | |
| | ) | |
| Counter-Defendant, | ) | |
| and | ) | |
| KALEIGH LONG and DMITRI TEREKHOV, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ORDER**

Before the Court is Counter-Defendant Westwin Elements, Inc. ("Westwin") and Third-Party Defendant Kaleigh Long's ("Long") (Westwin and Long collectively "Westwin Parties") Joint Motion to Partially Dismiss Counterclaimants/Third-Party

1

Plaintiffs CVMR Corporation ("CVMR") and Kamran Khozan's ("Khozan") (CVMR and Khozan collectively "CVMR Parties") abuse of process claim [Doc. No. 25][1]. CVMR Parties filed a response [Doc. No. 32], to which Westwin Parties filed a reply [Doc. No. 33]. The CVMR Parties filed a sur-reply [Doc. No. 40]. The Court ordered the Parties to file supplemental briefs regarding the applicability of the Oklahoma Citizens Participation Act ("OCPA"), Okla. Stat. tit. 12, § 1430, *et seq.*, in federal court. [Doc. No. 42]. The CVMR Parties and Westwin Parties filed their supplemental briefs on August 11, 2025 [Doc. Nos. 43 & 44]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

On January 6, 2025, Westwin filed its Complaint asserting claims against the CVMR Parties arising from a business dispute. [Doc. No. 1]. On March 25, 2025, the CVMR Parties filed a counterclaim against Westwin and a third-party claim against Long, in which the CVMR Parties asserted, in relevant part, an abuse of process claim against the Westwin Parties ("Counterclaim"). [Doc. No. 10]. The CVMR Parties allege, in relevant part, that the Westwin Parties "have abused the litigation process to publish defamatory statements concerning" the CVMR Parties by "provid[ing] the Complaint and related news publications to CVMR's investors and suppliers in an unlawful attempt to disrupt CVMR's business relationships." [Doc. No. 10, at p. 30, ¶ 89.]. In further support of their abuse of process claim, the CVMR Parties allege:

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

> 117. Westwin and Long brought their Complaint for the improper purpose of publishing false and defamatory allegations concerning CVMR and Khozan.
>
> 118. Westwin and Long provided the Complaint to CVMR and Khozan's business partners and industry contacts for the purpose of disrupting CVMR's business and harming CVMR's and Khozan's reputations.
>
> 119. As a result of Westwin and Long's actions, CVMR and Khozan have been damage[d] in excess of $75,000, which will be proven at trial.

*Id.* p. 34, ¶¶ 117-119.

The Westwin Parties filed a Motion to Dismiss the CVMR Parties' abuse of process claim. [Doc. No. 25]. The Westwin Parties asserted that dismissal of the CVMR Parties' abuse of process claim was warranted because it violated the OCPA, and because the CVMR Parties failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

The CVMR Parties filed their response in which they assert that the OCPA is inapplicable in federal court, that even if the OCPA is applicable in federal court it does not apply to their abuse of process claim, and that they sufficiently pleaded their abuse of process claim. [Doc. No. 32].

The Westwin Parties filed their reply in support of their Motion to Dismiss [Doc. No. 33], to which the CVMR Parties filed a sur-reply [Doc. No. 40]. On July 21, 2025, the Court ordered the Westwin Parties and the CVMR Parties to file supplemental briefs regarding the applicability of the OCPA. [Doc. No. 41].

On August 11, 2025, the Parties filed their briefs regarding the applicability of the OCPA in federal court. The CVMR Parties assert that the OCPA does not apply in federal

court because it conflicts with Fed. R. Civ. P. 12 and 56, and applying the federal rules instead of the OCPA would not violate the Rules Enabling Act. The Westwin Parties assert that the OCPA applies in federal court because the OCPA does not conflict with any federal rules of civil procedure, and the OCPA is a substantive law, not merely procedural. The parties focused their supplemental briefs almost entirely on the OCPA's motion to dismiss standard, Okla. Stat. tit. 12, § 1434(B)-(D), and failed to address whether the OCPA, as a whole, is applicable. *Id.* §§ 1430-1440.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In evaluating the complaint, courts first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ANALYSIS

The CVMR Parties failed to state a claim for abuse of process. To establish a claim for abuse of process, the CVMR Parties must show "(1) the improper use of the court's process, (2) primarily for an ulterior or improper purpose, (3) with resulting damage to the plaintiff asserting the misuse." *McGinnity v. Kirk*, 2015 OK 73, ¶ 64, 362 P.3d 186, 203-04. "[M]erely showing the defendant carried out the process to its authorized conclusion, even though with bad intentions, is insufficient to establish an abuse of process claim." *Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1383 (10th Cir. 1991) (quotation marks and brackets omitted). Indeed, "[t]he usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." *McGinnity*, ¶ 64, 362 P.3d at 204 (quotation and citation omitted).

Viewing the CVMR Parties' Counterclaim in the light most favorable to them, the Court finds that the CVMR Parties have failed to set forth sufficient factual information to state a plausible claim for abuse of process. Indeed, the CVMR Parties fail to allege sufficient facts to support the first element of an abuse of process claim, i.e. improper use of the court's process. The CVMR Parties' Counterclaim asserts that the Westwin Parties' improper use of the Court's process was filing Westwin's Complaint in order to publish "false and defamatory allegations"[2] against the CVMR Parties. However, the mere filing

---

[2] CVMR Parties' pleading deficiency is further exasperated because the CVMR Parties failed to identify what underlying allegations they assert are "false" or "defamatory." Such conclusory allegations are also insufficient to state a plausible claim.

5

of a complaint cannot constitute "improper use." *See Petco Petroleum Corp. v. West,* No. 19-cv-439-GKF-SH, 2021 WL 6053669, at *3 (N.D. Okla. Nov. 23, 2021) ("[W]here the only 'definite act' alleged is the filing of the lawsuit, a defendant has not properly pled a claim for abuse of process.") (citing *Meyers*, 940 F.3d at 1382-83).

The CVMR Parties' attempt to recharacterize their abuse of process claim in their response brief is improper. The CVMR Parties assert that their abuse of process claim is not based on the Complaint or its substance, but rather on the Westwin Parties' incorporation of the Complaint in emails. However, this is not what the CVMR Parties alleged in their Counterclaim, and thus, is not considered by the Court. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

Accordingly, the CVMR Parties have failed to state a claim for abuse of process. Because the CVMR Parties have failed to state a plausible claim for abuse of process, the Court need not address Westwin Parties' OCPA argument.[3] *See Gallegly v. Cordell Mem'l Hosp. Found.*, No. CIV-22-817-R, 2022 WL 16936049, at *2 (W.D. Okla. Nov. 14, 2022) (concluding the court did not have to address the defendants' OCPA argument, because the plaintiff had failed to state a plausible claim for defamation).

---

[3] Although the Court need not rule on the Westwin Parties' OCPA argument, the Court notes that it still questions the applicability of the OCPA in federal court. Indeed, the Court has significant doubts as to whether the OCPA is "so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 423 (2010) (Stevens, J., Concurrence).

## **CONCLUSION**

For the reasons stated herein, the Westwin Parties' Motion to Partially Dismiss [Doc. No. 25] is **GRANTED**.

**IT IS THEREFORE ORDERED** that the CVMR Parties' abuse of process claim is dismissed without prejudice.

**IT IS SO ORDERED** this 3rd day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge